IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| | : CRIMINAL ACTION NO. 00-CR-273-2 |
| v. | : |
| | : |
| NAFIS WOODS | : |

**MEMORANDUM**

Petitioner filed a "Motion for Relief in the Nature of a Writ of Error Coram Nobis Pursuant to Title 28 U.S.C. § 1651(a) & (b)" on August 10, 2011. Therein Petitioner asserts that he does not contest his guilt but contests the sentences and judgment entered stemming from his conviction. Petitioner argues that his sentences are illegal due to the alleged improper classification of the guns he possessed during the commission of his crimes. For the reasons stated below, the Court will deny Petitioner's motion.

Petitioner was convicted of, *inter alia*, armed carjacking and possession of a firearm by a convicted felon on April 6, 2001. He was sentenced to terms of imprisonment ranging from 60 to 120 months, to run concurrently, on the five counts for which he was convicted. His conviction was affirmed by the Court of Appeals for the Third Circuit on February 12, 2003. Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 6, 2005. That motion was denied on October 19, 2005. On January 11, 2010, Petitioner filed a "Motion for Equitable Tolling of Time to Allow Defendant to File 2255 Petition/Motion." Because Petitioner had previously filed a motion pursuant to 28 U.S.C. § 2255 his motion was denied on February 22, 2010.

The instant petition for a writ of error *coram nobis* seeks relief under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error *coram nobis* is "an ancient writ that was available at common law to correct factual errors in both civil and criminal cases." *United States v. Morgan*, 346 U.S. 502, 507 (1954)). The Supreme Court also held that under the All Writs Act a district court in a criminal

case can grant this "extraordinary remedy...only under circumstances compelling such action to achieve justice." *Id.*, 346 U.S. at 511 (1954). The writ of error *coram nobis* is only available where no other relief was available at the time of trial, an error "of the most fundamental character" is involved and "sound reasons exist[] for failure to seek appropriate earlier relief." *Id.*, 346 U.S. at 512. Consequently, Petitioner's claims may not be raised in a petition for writ of error *coram nobis*. As the Supreme Court stated in *Carlisle v. United*, 517 U.S. 416, 428 (1996) (internal quotations omitted):

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Therefore, a writ of *coram nobis* is not available to a petitioner in federal custody because relief is available by way of 28 U.S.C. § 2255. A writ of *coram nobis* may only be used "to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." *United States v. Stoneman*, 870 F.2d 102, 106 (3dCir. 1989).

Petitioner is currently in custody pursuant to the sentences he challenges. Therefore, he is not eligible for *coram nobis* relief at this time. Because Petitioner's claims cannot be raised in a petition for writ of error *coram nobis*, they can only be viewed as claims seeking to attack his sentence pursuant to 28 U.S.C. § 2255. However Petitioner has previously filed a § 2255 motion which was denied with prejudice by this Court. Viewed is as a motion pursuant to 28 U.S.C. § 2255 the instant motion must be dismissed as a an unauthorized second or successive petition for *habeas corpus* relief. Considering the motion as filed, Petitioner's request for the issuance of a writ of error *coram nobis* must be denied.

An appropriate order follows.